IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICKOLUS D. HAYES, # 277221,      )
                                  )
        Petitioner,               )
                                  )
    v.                            )        Civil Action No. 2:14cv1159-WKW
                                  )               (WO)
WILLIE THOMAS, *et al.,*          )
                                  )
        Respondents.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Mickolus D. Hayes ("Hayes").  *See* Doc. No. 1.[1]

## I.   BACKGROUND

In September 2010, a Montgomery County grand jury returned a five-count indictment

charging Hayes with one count of first-degree rape, three counts of first-degree sodomy, and one

count of first-degree kidnapping.  The case went to trial in January 2011.  The Alabama Court of

Criminal Appeals summarized the trial evidence:

> On August 12, 2009, "L.R.,"[2] [who was] Hayes's ex-girlfriend, and Hayes were at
> her home, watching a movie and eating dinner.  L.R. and Hayes had previously
> dated for approximately two years; however, at the time of the incident, L.R. and
> Hayes had ended their romantic relationship, but had agreed to try to work on a
> friendship.  While watching the movie, L.R. and Hayes discussed their relationship
> and whether they could make their relationship work again.  L.R. told Hayes that it
> would be better if the two remained just friends.  L.R. stated that Hayes did not
> seem to like her statement.  Around 10:00 p.m., Hayes got up to leave and asked
> L.R. if he could stay the night and if L.R. would have sexual intercourse with him.
> L.R. told him no.  L.R. thought that Hayes was going to leave her home and she got

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Citations
to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer.  Page references
are to those assigned by CM/ECF.

[2] This Recommendation will use the victim's initials throughout.

up to walk him to the door.  However, Hayes came up behind her, put his arms around her, and squeezed her until she could not breathe.  L.R. then passed out and collapsed on the couch.  When she woke up, Hayes was on top of her and was having sexual intercourse with her.  L.R. stated that she looked around the room and noticed that Hayes had moved her furniture around in a way that was different than the way she previously had it organized.  L.R. asked Hayes why he was doing this to her, and Hayes stated that she did not care about him or love him.  After Hayes had intercourse with her, he kept telling L.R. that he could not believe that he had done that to her and that he did not want to go to jail.  L.R. told Hayes to put his clothes on and to leave.  She told him that she would clean herself up and would not call the police.  Hayes then asked her where her duct tape was, and when L.R. would not answer his question, he went to the kitchen and got a kitchen knife.  Hayes threatened to stab her if she did not tell him where the duct tape was, and L.R. then told him where it was.  Hayes got the duct tape and taped L.R.'s mouth closed and taped her wrist together behind her back.  After L.R. indicated to Hayes that she could not breathe, he removed the duct tape from her mouth.  Hayes then pushed her back on her back and attempted to have intercourse with her again.  Hayes then removed the duct tape from her arms and placed her arms in front of her and taped her wrists together again in front of her.  Hayes then began having intercourse with her again.  Hayes also attempted to have anal intercourse with L.R.  After Hayes finished assaulting her, he began masturbating and ejaculated on the side of her face.  Hayes then sat down on the couch and told L.R. to give him oral sex, but she refused.  Hayes threatened L.R. with the knife and stabbed her slightly in the chest.  She then succumbed and performed oral sex on him, followed by Hayes performing oral sex on her.  L.R.'s stab wound began bleeding so Hayes got a band-aid to put over the wound.  Hayes then began having intercourse with L.R. again.

Hayes then got into the shower and L.R. began working her hands out of the duct tape and tried to escape by running out of her house.  While leaving her house, she attempted to push an alarm button to notify the police; however, she did not get it pushed in all the way.  L.R. made it to the end of her driveway, but Hayes caught up with her, choked her, and dragged her back up her driveway. Hayes tried to make her walk into her house, but when she refused, he hit and punched her.  Hayes then pulled her back into her house.  Hayes made L.R. lay face down in her bathtub.  Hayes again taped her wrists and connected it to her ankles and left the room.  Hayes returned to the bathroom, turned the water on in the tub and the sink, and left the apartment.

Hayes testified on his own behalf at trial.  Hayes claimed that on the night of the incident he was at L.R.'s home and, at some point after dinner, he had consensual oral sex and vaginal intercourse with L.R. on the living room floor.  Hayes stated that the mood later changed when he got ready to leave.  As he was leaving, he turned around, grabbed L.R. by the neck, choked her, and then pinned her up against the wall.  Hayes stated that he let her go when he realized what he had done and she ran back inside.  Hayes then followed her.  He claimed that L.R.

then came at him with a knife, so he grabbed her and twisted her arm and choked her again until she fell to the floor. Hayes admitted that he choked L.R. to the point that she could not speak clearly. When L.R. woke up, she threatened to call the police and he duct taped her hands together. Hayes admitted that he then hit L.R. with a closed and open fist. Hayes decided to take a shower. When he got in the shower, L.R. ran outside and he followed her. Hayes admitted that he pushed her down, hit her, and choked her again. Hayes then stated that he grabbed L.R. by the leg and began pulling her. He eventually let her go and claimed that she went back inside of her own volition. Hayes claimed that he pushed L.R. down on the couch and laid the knife on L.R.'s chest and, when she sat up, the knife punctured her chest. Hayes stated that he then took L.R. to the bathtub, placed her face down and taped her hands and feet together, and then he closed the door and left.

Resp't's Ex. 4 at 3-5.

The jury returned a verdict finding Hayes guilty of first-degree kidnapping. The jury acquitted Hayes on the rape and sodomy counts in the indictment. On March 10, 2011, the trial court sentenced Hayes to 30 years in prison.

Hayes appealed, raising these claims:

1.  The trial court erred in its jury instructions regarding the elements of first-degree kidnapping.

2.  His sentence of 30 years in prison was excessive, as he was a first-time felony offender, and amounted to an abuse of discretion by the trial court.

Resp't's Ex. 3.

On May 31, 2013, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Hayes' conviction and sentence. Resp't's Ex. 4. Hayes applied for rehearing, which was overruled. Resp't's Ex. 5. He did not seek certiorari review in the Alabama Supreme Court. On July 10, 2013, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp't's Ex. 6.

In September 2013, Hayes filed a *pro se* petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Rep't's Ex. 7 at 9-27. Hayes claimed he was

due relief from his conviction because the trial court erred in its jury instructions on first-degree kidnapping. *Id*. at 16-19. In addition, he claimed that his trial counsel was ineffective for failing to object to the trial court's jury instructions on first-degree kidnapping and for failing to request that the trial court instruct the jury on the lesser-included offense of unlawful imprisonment. *Id*. at 20-24. On November 5, 2013, the trial court entered an order summarily denying Hayes' Rule 32 petition. *Id*. at 38-39.

Hayes appealed, essentially reasserting the claims in his Rule 32 petition. *See* Resp'ts Ex. 8. On April 25, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Resp'ts Ex. 9. Hayes applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 11, 2014, the same date on which the court issued its certificate of judgment. Resp'ts Exs. 11 and 12.

On November 7, 2014, Hayes initiated this federal habeas action by filing a § 2254 petition asserting these claims:

1. His sentence of 30 years in prison as a first-time felony offender was excessive and arbitrary and amounted to cruel and unusual punishment.

2. The trial court erred in its jury instructions on first-degree kidnapping.

3. His trial counsel was ineffective for failing to object to the trial court's jury instructions on first-degree kidnapping.

Doc. No. 1 at 5-8.

The respondents contend that Hayes' claims are procedurally defaulted or meritless. Doc. No. 13. After careful review of Hayes' petition, the undersigned finds that Hayes is not entitled

to habeas relief and that his petition should be denied without an evidentiary hearing.  Rule 8(a),

*Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   **Procedurally Defaulted Sentencing Claim**

Hayes contends that his sentence of 30 years in prison as a first-time felony offender was

excessive and arbitrary and amounted to cruel and unusual punishment.  Doc. No. 1 at 8.  The

respondents argue that because this claim was found to be procedurally barred in state court, it is

procedurally defaulted for federal habeas review.  *See* Doc. No. 13 at 15-17.  In addition, the

respondents argue that the claim is unexhausted and defaulted.  *Id*. at 16-17.

On direct appeal, Hayes argued that because he was a first-time felon, his 30-year sentence

was excessive and amounted to an abuse of discretion by the trial court.  *See* Resp'ts Ex. 3 at 14-

15.  The Alabama Court of Criminal Appeals held that the claim was not preserved for appellate

review because it was not raised in the trial court.  Resp'ts Ex. 4 at 6.  The Court of Criminal

Appeals also found that the claim was without merit, because the sentence imposed was within the

statutory range for Class A felonies: "life or not more than 99 years or less than 10 years."  *Id*. at

6-7.  *See* § 13A-5-6(a)(1), (4), Ala. Code 1975.  The Court of Criminal Appeals noted that Hayes

did not argue that his sentence violated the Eighth Amendment.  Resp'ts Ex. 4 at 7.

*"Adequate and Independent State Ground" for Denying Relief*

When a state prisoner fails to follow state procedural rules, procedurally defaulting on a

claim, the authority of federal courts to review the prisoner's state court criminal conviction is

"severely restricted."  *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991).  "Federal

review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to

review the claim states clearly and expressly that its judgment rests on a procedural bar, and that

bar provides an adequate and independent state ground for denying relief."[3]  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

The Alabama Court of Criminal Appeals stated clearly and expressly that its decision on Hayes' sentencing issue rested on the procedural ground that issues not raised in the trial court are not subject to appellate review. Resp'ts Ex. 4 at 6. This independent and adequate state procedural ground is firmly established and regularly followed by Alabama appellate courts.[4]  *See, e.g., Davis v. State*, 42 So. 3d 162, 168 (Ala. Crim. App. 2009); *Perkins v. State*, 715 So. 2d 888, 893-94 (Ala. Crim. App. 1997).  Therefore, Hayes' claim is procedurally defaulted for habeas review.

*Exceptions to Procedural Default*

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).  Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the

---

[3] In *Harris v. Reed*, 489 U.S. 255 (1989), the Supreme Court stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.  *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

489 U.S. at 264 n.10).

[4] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170; *see Murray*, 477 U.S. at 494. Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

Here, Hayes does not attempt to demonstrate cause for his failure to present his defaulted claim to the state courts in compliance with applicable procedural rules. *See Murray*, 477 U.S. at 488; *Frady*, 456 U.S. at 170. Nor does he establish a fundamental miscarriage of justice by making a colorable showing of actual innocence. *Schlup*, 513 U.S. at 324-27. Consequently, his claim is foreclosed from federal habeas review.

### Exhaustion

Although unnecessary for this court's disposition of Hayes' sentencing claim, the respondents also correctly observe that Hayes did not fully exhaust his sentencing claim in the state courts, because he did not petition the Alabama Supreme Court for certiorari review after the Alabama Court of Criminal Appeals affirmed on direct appeal. *See* Doc. 13 at 16.

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999).  In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 and 40. "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Because it is too late under state procedural rules for Hayes to return to the state courts to exhaust his sentencing claim fully, the claim is unexhausted and defaulted.  *Henderson*, 353 F.3d at 891.  To the extent that Hayes' § 2254 petition may raise an Eighth Amendment issue of cruel and unusual punishment, such a claim was never presented in the state courts and is therefore unexhausted and defaulted for purposes of habeas review.  As Hayes does not establish cause for the default or assert an actual-innocence exception, any Eighth Amendment claim – like other claims regarding his sentence – is foreclosed from federal habeas review.

## B.   Claims Adjudicated on Merits by State Court

When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable

determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.  "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.  *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### 1.  *Jury Instructions on Kidnapping*

Hayes contends that the trial court erred in its jury instructions on first-degree kidnapping, depriving him of due process and equal protection of the law.  Doc. No. 1 at 5.

Hayes was convicted of first-degree kidnapping under § 13A-6-43(a)(4), Ala Code 1975.

That statute provides:

> (a) A person commits the crime of kidnapping in the first degree if he abducts another person with intent to
>
> ….
>
> (4) Inflict physical injury upon him, or to violate or abuse him sexually.

§ 13A-6-43(a)(4), Ala Code 1975.

When instructing the jury on the elements of first-degree kidnapping, the trial court stated, in pertinent part:

> The defendant is also charged with kidnaping in the first degree. The law in Alabama says that a person commits the crime of kidnapping in the first degree if he abducts another person with intent to violate or abuse her sexually. To convict, the State must prove beyond a reasonable doubt each of the following elements of kidnapping in the first degree. One, that the defendant, Mickolus D. Hayes, abducted [L.R.]. And two, the defendant intended to sexually violate or abuse [L.R.] sexually.

Resp's Ex. 2, pt. 2 at 126.

In his Rule 32 petition, Hayes argued that the above-quoted instructions erroneously charged the jury regarding only the second requirement of subsection (4) of § 13A-6-43(a) – i.e., that the defendant intended to violate or abuse the victim sexually. According to Hayes, the trial court was obligated to charge the jury that, to convict for first-degree kidnapping, it must also find that Hayes intended to inflict physical injury upon the victim. *See* Resp's Ex. 7 at 16-19. Hayes argued that the trial court's instructions allowed the jury to convict him on less than every element of the offense of first-degree kidnapping. *Id*. Hayes also maintained that the trial court's instructions allowed the jury to reach inconsistent verdicts. *Id*. at 18. In this regard, he argued that the jury's not-guilty verdicts on the rape and sodomy counts in the indictment precluded a jury finding he was guilty of the first-degree kidnapping count on which the jury was instructed. *Id*.

10

According to Hayes, the jury would have to find him guilty of one or more of the rape and sodomy counts to find that he intended to violate or abuse the victim sexually.[5]  *Id.*

The Alabama Court of Criminal Appeals addressed these claims on the merits in Hayes' appeal from the denial of his Rule 32 petition.  Regarding Hayes' argument that the trial court's instructions allowed the jury to convict him on less than every element of first-degree kidnapping, the Court of Criminal Appeals held:

> Hayes misunderstands the statute.  Section 13A-6-43(a)(4), Ala. Code 1975, sets out two scenarios under which a jury may convict a defendant of first-degree kidnapping.  A person is guilty of violating § 13A-6-43(a)(4) if he abducts another person and has the intent to "inflict physical injury upon him *or* to violate or abuse him sexually."  (Emphasis added).  It is not necessary that a person have both the intent to inflict physical injury and the intent to violate or abuse a victim sexually in order to violate § 13A-6-43(a)(4), Ala. Code 1975.  Accordingly, the trial court's instruction was not improper.

Resp't's Ex. 9 at 3.

As for Hayes' contention that the trial court's instructions allowed the jury to reach inconsistent verdicts, the Court of Criminal Appeals held:

> [T]hat argument is without merit. Section 13A-6-43(a)(4) requires only that a person have the intent to violate or abuse a victim sexually.  It is not necessary to actually carry out the abuse.  Thus, a person could be acquitted of rape and sodomy but still have the requisite intent to be guilty of first-degree kidnapping.  Hayes's argument to the contrary is meritless.

Resp't's Ex. at 3.

---

[5] It is noted that "[a]n error in instructing the jury cannot constitute a basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process." *Jacobs v. Singletary*, 952 F.2d 1282, 1290 (11th Cir. 1992) (quotation omitted).  "It is not sufficient that the instruction was undesirable, erroneous, or even universally condemned." *Id.* (quotation omitted).  Consequently, alleged errors in a state court's jury instructions form no basis for federal habeas corpus relief unless they are so prejudicial as to render the trial fundamentally unfair. *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir. 1986).  A jury charge is adequate if, viewed as a whole, it fairly and correctly states the issues and law. *United States v. Russell*, 717 F.2d 518, 521 (11th Cir. 1983).

The state appellate court correctly rejected Hayes' arguments as meritless. The plain language of § 13A-6-43(a) provides that a conviction for first-degree kidnapping can be obtained under subsection (4) of the statute where the defendant abducts another person with *either* the intent to inflict physical injury upon that person *or* the intent to violate or abuse that person sexually. The trial court court's failure to instruct the jury regarding the first alternative under subsection (4) – i.e., that the defendant intended to inflict physical injury upon the victim – did not preclude the jury from finding that Hayes committed first-degree kidnapping by abducting the victim intending to violate or abuse her sexually, and further did not allow the jury to convict Hayes on less than every element of the offense defined by the statute. Hayes' inconsistent-verdict argument was also baseless. As the Court of Criminal Appeals observed, the jury could find that the defendant had the *intent* to violate or abuse the victim sexually when abducting her, supporting a conviction of first-degree kidnapping under § 13A-6-43(a)(4), while also finding that the sexual violation or abuse elements of the offenses of rape and sodomy had not been carried out or proved beyond reasonable doubt.[6]

The state court decision here was neither contrary to nor an unreasonable application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) and (2). Consequently, Hayes is not entitled to federal habeas relief on this claim.

---

[6] Even if the jury's finding of guilty as to first-degree kidnapping had been inconsistent with its findings of not guilty as to the rape and sodomy counts, any such inconsistency would not warrant federal habeas corpus relief. An inconsistent-verdict claim does not assert a violation of federal law and therefore is not cognizable for § 2254 review. *Gonzalez v. McNeil*, No. 06-22998-CIV, 2008 WL 731496, at *7 (S.D. Fla. Feb. 26, 2008); *Edwards v. Bishop*, No. CV RDB-15-1888, 2017 WL 193186, at *9-10 (D. Md. Jan. 18, 2017). The United States Supreme Court's decision in *United States v. Powell*, 469 U.S. 57, 63 (1984), recognizes that inconsistent jury verdicts may stand as possible exercises of compromise or lenity by jurors, and do not always speak to the guilt or innocence of the defendant as to the acquitted counts.

### 2.   *Ineffective Assistance of Counsel*

Hayes also asserts that his trial counsel was ineffective for failing to object to the above-discussed jury instructions by the trial court.  Doc. No. 1 at 7.  In Hayes' appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held that Hayes' counsel could not be ineffective for failing to raise a meritless issue, and therefore Hayes was entitled to no relief on his claim of ineffective assistance of counsel.  Resp'ts Ex. 9 at 4-5.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance.  466 U.S. at 687.  This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*.

As discussed above, Hayes' substantive claims about alleged error in the trial court's jury instructions are without merit. Consequently, his trial counsel did not perform deficiently by failing to object to the jury instructions on the grounds asserted by Hayes.  Moreover, counsel's failure to object on the grounds asserted by Hayes did not deprive Hayes of a fair trial with reliable results. Simply put (as recognized here by the state appellate court), counsel is not ineffective for failing to argue a meritless issue.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  The state court decision denying Hayes relief on his ineffective-assistance-of-counsel claim was neither contrary to nor an unreasonable application of clearly established federal law, nor did it involve an unreasonable determination of the facts in light of the evidence presented.  Hayes is entitled to no relief based on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Hayes be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before February 20, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 6th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge